UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 09-16-S-DCR |
| ) | |
| V. ) | |
| ) | |
| DOUGLAS C. ADAMS, ) | **MEMORANDUM OPINION** |
| WILLIAM B. MORRIS, a.k.a. BART, ) | **AND ORDER** |
| DEBRA L. MORRIS, a.k.a. DEBBIE, ) | |
| and ) | |
| STANLEY BOWLING, et al., ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*

Defendants Douglas C. Adams, Stanley Bowling, and William B. and Debra L. Morris have filed motions to stay the orders of forfeiture previously entered in this matter. [Record Nos. 1213, 1234, 1251] Adams, the Morrises, and Bowling, along with four other defendants, were convicted in March 2010 of various crimes involving corrupt elections in Clay County, Kentucky. [*See* Record No. 818] The only counts of conviction relevant here are Count 1, which alleged a RICO conspiracy, and Count 2, which charged a conspiracy to commit money laundering. All eight defendants were convicted on Counts 1 and 2, each of which had a corresponding forfeiture count. [*See id.*; Record No. 272]

In forfeiture proceedings held immediately following the guilty verdicts, a jury found the defendants liable in forfeiture for $3.2 million with respect to the RICO conspiracy and $1,513,512.36 in connection with the money-laundering conspiracy. [Record No. 833] Based

-1-

on this verdict, the Court entered a Preliminary Judgment of Forfeiture ordering that the sums found by the jury be seized. [Record No. 923] Thereafter, the United States sought forfeiture of substitute property pursuant to 21 U.S.C. § 853(n), and the Court entered two orders directing that certain substitute assets, including real and personal property, be forfeited. [Record Nos. 992, 1041] Adams, the Morrises, and Bowling now ask the Court to stay those orders.[1]

Rule 32.2(d) of the Federal Rules of Criminal Procedure provides that the Court may stay an order of forfeiture pending appeal. The provision is intended "to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." Fed. R. Crim. P. 32.2(d) advisory committee's note. Here, the substitute assets include the family homes of Adams, Bowling, and the Morrises, as well as property that houses a business owned and operated by Adams' daughter. [*See* Record Nos. 992, 1213, 1234, 1251] If these properties were seized and sold, it is unlikely that they could be recovered in the event the defendants prevail on appeal. Thus, a stay is appropriate with respect to the real property identified in the orders of forfeiture. However, the stay will be conditioned upon each defendant's filing proof with the Court that the property in question is insured for its full value.

No stay is warranted with respect to vehicles, equipment, or other personal property, however. Such property is not unique and could be replaced if the defendants' appeals were to be successful. Accordingly, it is hereby

**ORDERED** that the motions by Defendants Bowling, Adams, Bart Morris, and Debra Morris [Record Nos. 1213, 1234, 1251] to stay the Court's previous orders of forfeiture are

---

1   The Morrises request only that the Court stay the first of the two orders, which authorized the seizure and disposition of real property owned by them. [*See* Record Nos. 992, 1251]

**GRANTED** with respect to real property identified in those orders, provided that each defendant must file with the Court, within fourteen (14) days of the date of entry of this Memorandum Opinion and Order, proof of insurance for the full value of the specified property or properties. To the extent Defendants Bowling and Adams seek a stay as to the forfeiture of any personal property, their motions are **DENIED**.

This 3rd day of May, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge